**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEREK A. CAPOZZI,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:12-0206 |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| **WARDEN BRIAN BLEDSOE,** | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**[1]

Presently before the court is the petitioner's motion for an order to show cause why a preliminary injunction and a temporary restraining order should not be issued, (Doc. No. 7).[2] Finding that the petitioner's motion is based on facts which are unrelated to his underlying habeas petition and that the new claims fail to satisfy established Third Circuit standards for the grant of injunctive relief, the court recommends that the motion be **DENIED**.

## **I.   BACKGROUND**

On February 2, 2012, the petitioner filed the underlying petition for a writ of habeas corpus alleging due process violations related to his placement in

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] The petitioner's motion is titled "Motion for an Order to Show Cause, For Preliminary Injunction and a Temporary Restraining Order." (Doc. No. 7).

the Special Management Unit ("SMU") while confined at the United States Penitentiary at Lewisburg, Pennsylvania. (Doc. No. 1). On March 12, 2012, the petitioner amended his petition when he learned that his SMU confinement was extended, allegedly in violation of his due process rights. (Doc. No. 5). On April 6, 2012, the petitioner filed the instant motion for injunctive relief. (Doc. No. 7). The motion, which takes the form of the brief, alleges that the petitioner (1) was moved between several unclean cells in retaliation for filing legal actions and (2) that he was improperly placed on "razor restriction" and is now not being allowed to shave three times per week, as mandated by prison regulations, and that the communal electric clippers he is allowed to use present a high risk of infection in light of his documented heart conditions. To date, the defendant has not responded to the motion.

II. **DISCUSSION**

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *See Acierno v. New Castle County*, 40 F.3d 645, 647 (3d Cir.1994); *Bey v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 1123893, *4 (M.D.Pa., April 4, 2012). Injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Marino v. Velez, 406 Fed.Appx. 651, 653 (3d Cir. 2011)*(*citing American Tel. and Tel. Co. v.*

*Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994).

The Third Circuit has insisted that "the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." *Adams v. Freedom Forge Corporation*, 204 F.3d 475 (3d Cir. 2000) (*citing Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992).

In considering a motion for injunctive relief or for a temporary restraining order, the court must consider: (1) the likelihood of success on the merits; (2) whether he or she will suffer irreparable harm if the injunction is denied; (3) whether granting relief will not result in even greater harm to the non-moving party; and (4) whether the public interest favors such relief. *See Bimbo Bakeries USA, Inc. v. Botticello*, 613 F.3d 102, 109 (3d Cir.2010) (*quoting Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir.2010)).

Here, the petitioner has requested injunctive relief for actions which are largely unrelated to the underlying habeas petition. His claims of retaliatory transfers to unclean cells and risk of infection from communal hair clippers sound in civil rights and are not connected to the due process claims raised in his petition. Nevertheless, the court will evaluate the petitioner's motion under the Third Circuit's four criteria, but again conclude that the current

3

circumstances do not warrant injunctive relief.

First, the court finds that the claims are unlikely to succeed on the merits. The petitioner has failed to demonstrate that he has exhausted administrative remedies, which would be a prerequisite to bringing his civil rights claims. In addition, the petitioner has continued to participate in the litigation despite his allegations of First Amendment retaliation, indicating that he has not been deterred from exercising his constitutional rights. *See [Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)](*In order to sustain a First Amendment retaliation claim, a plaintiff-prisoner must show that: (I) he or she engaged in constitutionally protected conduct; (ii) an adverse action was taken by prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (iii) there was a causal relationship between the foregoing two elements). As to the claimed risk of infection from lack of shaving and using communal hair clippers, the petitioner's fears of a possible cut which could lead to a possible infection and, if unchecked by future medical personnel, could develop into a serious medical condition is far too speculative to sustain an Eighth Amendment claim. *See [Estelle v. Gamble, 429 U.S. 97, 104–05, 97 S.Ct. 285 (1976)]("[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.")

Second, there is no indication that the petitioner will suffer irreparable harm if injunctive relief is denied. As discussed above, the petitioner has continued to participate in the litigation and any future medical risks will be evaluated on an ongoing basis by appropriate prison personnel.

Third, though there is little risk of inflicting greater harm on the respondent, the petitioner has not demonstrated any reason to modify established prison policies.

Finally, as the claims presented in the instant motion are unrelated to his habeas petition and remedies exist should the petitioner wish to bring his claims in a civil rights action, the public interest does not favor injunctive relief.

**THEREFORE, THE COURT RECOMMENDS, THAT:**

The petitioner's "Motion for an Order to Show Cause, For Preliminary Injunction and a Temporary Restraining Order," (Doc. No. 7), be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated: October 23, 2012**
O:\shared\REPORTS\2012 Reports\12-0206-01.wpd

5