# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK A. CAPOZZI,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:12-0206 |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| **WARDEN BRIAN BLEDSOE,** | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**[1]

Presently before the court is the petitioner's petition for writ of habeas corpus. (Doc. 1). For the reasons set forth below, the court recommends that the petition be **DENIED**.

## I. BACKGROUND

On February 2, 2012, Derek A. Capozzi filed a petition for a writ of habeas corpus alleging due process violations related to his placement in the Special Management Unit ("SMU") while confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"). (Doc. 1). On

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

March 12, 2012, the petitioner amended his petition when he learned that his SMU confinement was extended, allegedly in violation of his due process rights. (Doc. 5). On March 5, 2012, the court directed the respondent to show cause why habeas relief should not be granted. (Doc. 4). The respondent filed his response on April 20, 2012. (Doc. 9). The respondent principally argued that the instant petition should be denied because: (1) the petitioner's claims are not proper in a petition for habeas corpus; and (2) the petitioner failed to exhaust his administrative remedies. (*Id.*). On April 26, 2012, the petitioner filed a traverse. (Doc. 6). Thus, the petition is ripe for disposition.

## II.    DISCUSSION

The petitioner is presently confined at USP Lewisburg. In the instant petition, the petitioner challenges his designation to SMU on two grounds. (Doc.1 at 1). Specifically, the petitioner claims that his placement in the SMU violates "substantive procedural due process protections," and the Administrative Procedures Act ("APA"). *Id.* The petitioner specifically argued in his petition that the SMU is a "de facto control unit." *Id*. In the petitioner's amendment to his petition, the petitioner argued that his one year extension in the SMU program "violates *ex post facto* principles through the Due Process Clause." (Doc. 5, p. 4).

2

The record reveals that the petitioner filed 43 requests for administrative remedies during his incarceration. (Doc. 9, Ex. 1, p. 4). The petitioner filed an administrative remedy and properly exhausted regarding his original placement in the SMU which was denied on January 28, 2010. *Id.* The petitioner did not file an administrative remedy nor properly exhaust regarding the alleged violation of the Administrative Procedures Act ("APA"), the extension of his placement in SMU nor the SMU conditions. *Id.*

A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Leamer v. Fauver*, 288 F.3d 532, 542-44 (3d Cir. 2002). Claims that do not directly implicate the fact or duration of confinement may not be pursued by way of a habeas petition. *See Leamer*, 288 F.3d at 540.

Respondent argues that petitioner's claims regarding his placement in the SMU are not properly asserted in a habeas corpus petition. The court agrees. In *Green v. Bledsoe*, No. 10-0059, 2010 U.S. Dist. LEXIS 33354, *at 4 (M.D. Pa. Apr. 5, 2010)[2], the court explained:

---

[2]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

3

> ". . . in challenging his placement in the SMU and the hearing that led to the determination that he was appropriate for SMU placement, Green is not challenging the fact or duration of his confinement. Further, a decision in his favor would not alter his sentence or undo his conviction. Therefore, his claims are not properly asserted in a §2241 habeas petition, but rather are more properly pursued through the filing of a *Bivens* action. *See Woodruff v. Williamson*, Civil No. 3:CV-06-2310, 2009 U.S. Dist. LEXIS 19653, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) (Caputo, J.) (dismissing portion of petitioner's §2241 habeas petition challenging SMU placement as not cognizable under §2241); *McKettrick v. Williamson*, Civil No. 4:CV-06-543, 2006 U.S. Dist. LEXIS 27897, 2006 WL 1307919 (M.D. Pa. May 10, 2006) (McClure, J.) (same)."

*Id.* Recently, in *Cardona v. Bledsoe*, the Third Circuit affirmed the dismissal of a habeas petition brought pursuant to §2241 for lack of subject matter jurisdiction. 681 F.3d 533 (3d Cir. 2012). Petitioner Cardona argued that he was referred to SMU as punishment for filing numerous lawsuits against the BOP and as a consequence of his referral to SMU, he became eligible to lose good time credits which would effectively lengthen his sentence. *Id.* at 534. The Third Circuit disagreed and opined:

> Cardona's claims do not concern the execution of his sentence, because the BOP's conduct is not inconsistent with his sentencing judgment . Cardona's claims also would not *necessarily* result in a change to the duration of his sentence. Thus, "granting [Cardona's] petition would [not] 'necessarily imply' a change to the...duration, or execution of the petitioner's sentence." *McGee*, 627 F.3d at 936. As such, Cardona's claims were not properly brought in a

4

habeas petition under §2241, and the District Court correctly dismissed his petition for lack of subject matter jurisdiction.

*Id.* at 537.

Because the petitioner is not challenging the fact or duration of his confinement, and a decision in his favor would not alter his sentence or undo his conviction, the court finds that his claims are not properly pursued in a habeas corpus petition.[3] See id. Thus, the court recommends that the petition be dismissed.

In light of the foregoing, **IT IS HEREBY RECOMMENDED THAT:** the petition for writ of habeas corpus, (Doc. 1), be **DENIED.**


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated: November 26, 2012**
O:\shared\REPORTS\2012 Reports\12-0206.02.wpd

---

[3]The court also notes that all claims except his original confinement in the SMU claim must be dismissed for his failure to properly exhaust his administrative remedies.

5