IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK A. CAPOZZI, | : | |
|     Petitioner | : | No. 1:12-cv-00206 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| WARDEN BRIAN BLEDSOE, | : | (Magistrate Judge Mannion) |
|     Respondent | : | |

**MEMORANDUM ORDER**

Presently pending before the Court are two Reports and Recommendations issued by Magistrate Judge Mannion, the first of which addresses Petitioner's motion for a preliminary injunction and temporary restraining order (Doc. No. 16) and the second of which addresses Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 19), as well as Petitioner's objections to the latter report (Doc. No. 22).[1]  For the reasons that follow, the Court will adopt both reports.

Petitioner Derek A. Capozzi, a federal inmate housed at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on February 2, 2012.  (Doc. No. 1.)  In his petition, Petitioner claims that his placement in the Special Management Unit at USP-Lewisburg

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).
    Petitioner did not raise objections to Magistrate Judge Mannion's October 23, 2012 Report and Recommendation addressing his motion for a preliminary injunction and temporary restraining order.  Because he failed to do so, and because the Court will dismiss Petitioner's habeas petition, the Court will adopt the October 23, 2012 report and deny Petitioner's motion for a preliminary injunction and temporary restraining order without further discussion.

1

violates his substantive due process rights and the Administrative Procedure Act. In an amendment to his petition, Petitioner further argues that his one-year extension in the SMU program "violates ex post facto principles through the Due Process Clause." (Doc. No. 5.)

In his November 26, 2012 Report and Recommendation, Magistrate Judge Mannion recommends that Petitioner's habeas petition be denied for lack of subject matter jurisdiction. (Doc. No. 19.) Petitioner's only objection relating to this finding is that Magistrate Judge Mannion "erred in failing to construe the matter as one for declaratory relief in the alternative." (Doc. No. 22 ¶ 17.) Petitioner's habeas petition, however, does not challenge the fact or duration of his imprisonment, "which is the essence of habeas." Bedenfield v. Lewisburg, 393 F. App'x 32, 33 (3d Cir. 2010) (internal quotation marks and citation omitted). Rather, Petitioner's "challenge is to a condition of confinement such that a finding in [his] favor would not alter his sentence or undo his conviction" that would be presented properly in a civil rights action. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Indeed, the United States Court of Appeals for the Third Circuit has made clear that challenges to "garden variety prison transfer[s]," such as Petitioner's challenge to his placement in the SMU, should be raised in civil rights actions, not habeas corpus petitions. Bedenfield, 393 F. App'x at 33; Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005).

Moreover, Petitioner's request that the Court construe his petition as a motion for a declaratory judgment under 28 U.S.C. § 2201 is of no avail. The Declaratory Judgment Act does not automatically confer subject matter jurisdiction on actions falling within its scope and, for the action to proceed, the Court must have a separate, independent basis for the exercise of its jurisdiction. Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc., 887 F.2d 1213, 1217-18 & n.2 (3d Cir.

2

1989). As discussed, Section 2241 is not the proper vehicle for bringing claims unrelated to the manner or execution of one's sentence. Thus, the Court lacks a separate, independent basis to exercise jurisdiction over Petitioner's claims and, therefore, will dismiss Petitioner's habeas petition without prejudice to his right to raise his claims in a future civil rights action.

**ACCORDINGLY**, on this 30th day of January 2013, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Mannion's Reports and Recommendations (Doc. Nos. 16, 19) are **ADOPTED**;

2. Petitioner's motion for an order to show cause, for preliminary injunction, and a temporary restraining order (Doc. No. 7) is **DENIED**;

3. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to raise his claims in a future civil rights action; and

4. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania