IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DEREK A. CAPOZZI, | : | |
| Petitioner | : | No. 1:12-cv-00206 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| WARDEN BRIAN BLEDSOE, | : | (Magistrate Judge Mannion) |
| Respondent | : | |

**MEMORANDUM ORDER**

On November 26, 2012, Magistrate Judge Mannion issued a Report and Recommendation, wherein he recommended that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be denied for lack of subject matter jurisdiction. (Doc. No. 19.) On January 30, 2013, the Court, finding that Section 2241 was not the proper vehicle for Petitioner to raise claims related to his placement in the Special Management Unit ("SMU") at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), adopted the Report and Recommendation and dismissed Petitioner's habeas petition without prejudice to his right to raise his claims in a civil rights action. (Doc. No. 24.) On February 14, 2013, Petitioner moved the Court to reconsider its order dismissing his petition. (Doc. No. 25 at 4.)

Generally, a party is entitled to reconsideration of an order upon successfully establishing one of the following three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [entered] judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration are devices of limited utility, to be used neither as a means to relitigate or rehash legal principles and arguments

1

already presented to the court nor to present additional arguments that could, or should, have been raised before judgment was entered. See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (motions for reconsideration cannot be used to gain a "second bite" at the apple); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Petitioner does not move for reconsideration of the Court's finding that his claims relating to his placement in the SMU are not properly raised under Section 2241. See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (finding that a petitioner's claim that the Bureau of Prisons had illegally referred him to the SMU did not challenge the execution of his sentence under Section 2241 because placement in the SMU was not inconsistent with the sentencing judgment). Instead, Petitioner contends that the Court should grant his motion for reconsideration because it failed to construe his petition as one for declaratory relief under 28 U.S.C. § 1331. In support, he cites Royce v. Hahn, 151 F.3d 116, 117 (3d Cir. 2000), in which the petitioner filed a habeas petition under Section 2241 and specifically requested the Court to enter a declaratory judgment. As in this case, the district court dismissed the petition on the basis that Petitioner's claims were not properly raised under Section 2241. Id. at 118. The United States Court of Appeals for the Third Circuit reversed the district court's judgment, finding that where a petitioner requests habeas relief but should have raised his claims in a civil rights suit, the district court should either permit the petitioner to amend his petition or ignore the mislabeling altogether. Id. The Third Circuit clarified, however, that the district court should consider "other legitimate avenues of relief" for a mislabeled habeas petition only where exhaustion is not at issue. Id. Finding that the petitioner had exhausted his administrative remedies, the Third Circuit concluded that the district court should have construed his habeas

2

petition as seeking a declaratory judgment. Id.

Unlike the petitioner in Royce, the record reveals that Petitioner "did not file an administrative remedy nor properly exhaust regarding the alleged violation of the Administrative Procedures Act ("APA"), the extension of his placement in SMU nor the SMU conditions." (Doc. No. 19 at 3.) Indeed, in his amended petition, Petitioner recognizes that he did not file an administrative remedy relating to these claims. (Doc. No. 5.) To explain his failure, Petitioner avers that he received notice of his extension in the SMU "beyond the time-limits for filing administrative remedies" and "was not provided a proper memorandum from case manager Nicholas explaining these facts . . . ." (Id. at 2.) In an affidavit, he further avers that his "past experiences" led him to believe that his appeals would be rejected as untimely without a memorandum from his case manager. (Id. at 4.) Therefore, the record evidence reveals that Petitioner has not exhausted all available administrative remedies relating to his claims based on the extension of his placement in the SMU. Unlike the petitioner in Royce, Petitioner has failed to exhaust his administrative remedies and, therefore, the Court did not err in dismissing the petition without construing it as a request for declaratory relief. See Royce, 151 F.3d at 118 (concluding that a habeas petition should be construed as an action for a declaratory judgment where the petitioner "had already exhausted available administrative appeals").

**ACCORDINGLY**, on this 22nd day of April 2013, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. No. 25) is **DENIED**. This action shall remain closed.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
